

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PRENTISS B. DAVIS, | No. 13-35233 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-01033-JCC |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM* |
| Defendant, | |
| and | |
| THE BOEING COMPANY; AETNA INSURANCE COMPANY, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted May 13, 2015**

Before:     LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Prentiss B. Davis appeals pro se from the district court's order enforcing settlement and dismissing his action alleging violations of the Americans with Disabilities Act and state law. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the enforcement of a settlement agreement, *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1136 (9th Cir. 2002), and we affirm.

The district court did not abuse its discretion by enforcing the settlement agreement with The Boeing Company ("Boeing") because its findings that the agreement was comprehensive, that Davis agreed to the terms, and that Davis did not sign under threat, intimidation, or duress, were not clearly erroneous. *See id.* at 1137-38 (explaining that a district court may enforce only complete settlement agreements, and noting that an agreement is binding even if a party has a change of heart).

We do not consider Davis's arguments concerning the district court's order partially granting Boeing's motion for summary judgment because the settlement agreement disposes of all of Davis's claims against Boeing in this action.

In light of Davis's request that this court honor his agreement with Aetna Insurance Company ("Aetna"), set forth in his November 18, 2013 filing, we deem Davis's appeal as to Aetna abandoned.

We do not consider arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**